# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3800 | **DATE** | 4/25/2011 |
| **CASE TITLE** | De Lac vs. Dick Blick Holdings, Inc. | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, Du Lac's motion to enforce the settlement (Doc. 18) is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Genevieve Du Lac sued her employer, Dick Blick Holdings, Inc. ("Dick Blick"), alleging she suffered "emotional distress" because she was sexually harassed in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq*.). The parties settled the case for $18,500, and Dick Blick withheld taxes from the settlement payment. Du Lac has filed a motion to enforce the settlement, asserting that Dick Blick should not have withheld the taxes and should pay her the full $18,500. For the below reasons, Du Lac's motion is denied.

**Background**

In her complaint, Du Lac alleged that a male supervisor made humiliating and false accusations that she was sleeping with a married co-worker and that she was fired because she discussed the incident with female co-workers. (Doc. 1, ¶¶ 8-12.) Though her complaint does not mention physical injuries, she alleged that she had suffered "economic hardship and emotional distress" as a result of the sexual harassment. (*Id.* at ¶ 15.)

On November 15, 2010, Du Lac and Dick Blick signed a settlement agreement. Du Lac agreed to release her claims against Dick Blick in exchange for $18,500. (Doc. 18-4 at 2-3.) The agreement did not list what injuries to Du Lac the settlement intended to redress or allocate the payment in any way. (*See id.*) The agreement explicitly stated that the $18,500 would be reduced by "applicable withholdings" including any "required deductions or withholding from any amounts paid to [Plaintiff] for state and federal taxes." (*Id.* at 3.) The settlement agreement further stated that it "supersede[d] all prior agreements" between the parties and that the parties "agree that no promise or agreement has been made except as expressly provided" in the agreement. (*Id.* at 7.) Defendant withheld $6,595.25 from the settlement payment, and sent Du Lac a check

for the net amount, $11,904.74. (Doc. 18 at 1.)

**Discussion**

Du Lac asserts that Dick Blick should not have withheld taxes from the settlement based on an understanding with Dick Blick's counsel and the Internal Revenue Code. The Code provides that "[e]xcept as otherwise provided . . . gross income means all income from whatever source derived …." I.R.C. § 61. Section 104 states "gross income does not include . . . the amount of any damages (other than punitive damages) received . . . on account of personal physical injuries or physical sickness." I.R.C. § 104(a)(2). Section 104 also clarifies that "emotional distress shall not be treated as a physical injury or physical sickness." *Id.* at § 104; *see also Commissioner v. Schleier*, 515 U.S. 323, 336 (1995) (interpreting a prior version of § 104 without the emotional distress clarification and finding that, to exclude a settlement proceeds from income, a taxpayer must show her underlying cause of action is based on a tort and that the money was received on account of personal physical injuries or physical sickness.) In short, damages for purely emotional distress are taxable as ordinary income.

Though courts typically look to the settlement agreement first (*see Prasil v. Commissioner*, 85 T.C.M. (CCH) 1124, at *4 (2003)), "[i]n the absence of bona fide language in a settlement agreement as to the reason for the settlement payment, we discern that reason by determining the intent of the payor in making the payment." *Shaltz v. Commissioner*, 85 T.C.M. (CCH) 1489, at *2 (2003) (citing *Robinson v. Commissioner*, 102 T.C. 116, 127 (T.C. 1994)). The Court must consider "all the facts and circumstances of the case, including the complaint filed and the details surrounding the litigation." *Shaltz*, 85 T.C.M (CCH) 1489 at *3. For instance, in *Shaltz*, the taxpayer settled a sexual harassment suit where she alleged she suffered mental anguish, humiliation, embarrassment and economic loss, but the agreement was silent as to reason for the payment. *Id.* The Tax Court analyzed her complaint and found these injuries were not physical, but "most akin to emotional distress" and taxable under § 104. *Id.*

Here, though the agreement gives no guidance as to either Dick Blick's intent or the allocation of the settlement payment, Du Lac's complaint was clear that she only sought damages for "economic hardship and emotional distress." (Doc. 1.) She did not allege that she suffered any physical harm or physical sickness as a result of her distress. (*See id.*) Consequently, no portion of the payment made to Du Lac may be excluded from her gross income and Dick Blick properly withheld taxes from the entire settlement amount. *See* I.R.C. § 104; *Shaltz*, 85 T.C.M (CCH) 1489 at *3.

Du Lac contends that *Naqvi v. Rossiello*, 746 N.E.2d 873 (Ill. App. Court 2001) supports her position that compensation for emotional injuries should be excluded from income. That case, however, relies on the pre-1996 version of § 104 which did not explicitly require the taxpayer's injury to be physical and did not clarify that emotional distress was not a physical injury. *See id.* at 877; *Prasil*, 85 T.C.M. (CCH) 1124 at *3-4 (noting § 104 was amended in 1996 to require physical injuries). Further, Du Lac asserts that the parties had an understanding that the settlement would be deemed compensation solely for Du Lac's emotional distress and cost of moving. (*See* Mot., Doc. 18, at 3.) Even if that understanding as to Du Lac's moving costs affected the tax treatment of the settlement payment, the agreement is both silent as to allocation and fully integrated. Consequently, such extrinsic understandings are inadmissible. *See Vigortone AG Prods., Inc. v. PM AG Prods., Inc.*, 316 F.3d 641, 642, 644 (7th Cir. 2002) (applying Illinois law and noting "an integration clause prevents a party to a contract from basing a claim of breach of contract on agreements or understandings, whether oral or written, that the parties had reached during the negotiations that eventuated in the signing of a contract but that they had not written into the contract itself.").

| STATEMENT |
|---|
| **Conclusion**<br><br>    For the foregoing reasons, Du Lac's motion to enforce the settlement (Doc. 18) is denied. |